UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS PRICE,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES H. CHEN, et al.,<br><br>        Defendants. | Case No. 22-cv-03243-JSW<br><br>**SECOND ORDER OF SERVICE** |

In the prior Order of Service, the Court found that Plaintiff's amended complaint, when liberally construed, states cognizable claims for relief against Napa State Hospital ("NSH") and a doctor working there, Defendant Dr. James H. Chen. Service could not be effectuated under the California Department of Corrections and Rehabilitation's e-service program. Accordingly, the Court hereby orders:

1. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint with any attachments, a copy of the Order of Service and a copy of this order on **Dr. James H. Chen** at **Napa State Hospital** and upon **the California Department of State Hospitals** (which runs Napa State Hospital).

The Clerk shall also mail a courtesy copy of the amended complaint, the Order of Service, and this order to the California Attorney General's Office.

2. Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

3. To expedite the resolution of this case:

a. No later than **91** days from the date this order is issued, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil

1  Procedure 56, and shall include as exhibits all records and incident reports stemming from the
2  events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary
3  judgment, they shall so inform the Court prior to the date the summary judgment motion is due.
4  All papers filed with the Court shall be promptly served on Plaintiff.

5  b.  At the time the dispositive motion is served, Defendants shall also serve, on a
6  separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th
7  Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

8  c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the
9  Court and served upon Defendants no later than **28 days** from the date the motion is filed.
10 Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him
11 pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

12 d.  Defendants shall file a reply brief no later than **14** days after the opposition is
13 filed.

14 e.  The motion shall be deemed submitted as of the date the reply brief is due.  No
15 hearing will be held on the motion unless the Court so orders at a later date.

16 4.  All communications by Plaintiff with the Court must be served on Defendants or
17 their counsel once counsel has been designated, by mailing a true copy of the document to
18 Defendants or their counsel.

19 5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
20 No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the
21 parties may conduct discovery.

**IT IS SO ORDERED.**

Dated: December 8, 2022

_____
JEFFREY S. WHITE
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.