UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS PRICE,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES H. CHEN, et al.,<br><br>    Defendants. | Case No. 22-cv-03243-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING MOTIONS FOR EXTENSION OF TIME; GRANTING MOTION TO FILE UNDER SEAL; DENYING MOTION FOR SUMMARY JUDGMENT; DIRECTING PLAINTIFF TO SERVE OR PROVIDE LOCATION OF UNSERVED DEFENDANT; INSTRUCTIONS TO CLERK**<br><br>Re: Dkt. Nos. 23, 24, 27, 28, 29 |

## INTRODUCTION

Plaintiff, a California parolee proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983. The Court found that Plaintiff's amended complaint, when liberally construed, stated cognizable claims for relief against Napa State Hospital ("NSH") and Dr. James H. Chen, a doctor who worked there. Service could not be effectuated under the California Department of Corrections and Rehabilitation's e-service program. The Court then ordered the United States Marshal to serve Chen at NSH, where Plaintiff indicated he was located, and the California Department of State Hospitals ("DSH"), which runs NSH. The Marshal served DSH but returned the summons for Chen unexecuted because the NSH authorities indicated that Chen no longer worked there. DSH has filed motion to dismiss and a premature reply brief.[1] Plaintiff filed a

---

[1] DSH filed a reply asserting that their motion should be granted because Plaintiff did not file an opposition. The reply wrongly states that "the court ordered Plaintiff's response due by March 20." (ECF No. 25.) In support of this statement, the reply cites DSH's own motion (ECF No. 23), not an order by the Court. The Court's actual order states that the opposition was due 28 days after the motion to dismiss was filed. (ECF No. 12.) The motion to dismiss was filed on March 6,

document objecting to the dismissal of this case. (ECF No. 26.)

For the reasons discussed below, DSH's motion to dismiss the claims is GRANTED, and the claims against DSH are DISMISSED. Their other motions are addressed below.

**Plaintiff is ordered to submit the correct address where Chen can be served, show cause why not, or serve Chen himself, and Plaintiff is cautioned that if he does not do so on or before June 1, 2023, the claims against him will be dismissed without prejudice under Rule 4m of the Federal Rules of Procedure, and this case will end.**

## DISCUSSION

### A. Motion to Dismiss

DSH moves to dismiss the claims against NSH under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Under Rule 12(b)(1), the Court must dismiss claims for lack of subject matter jurisdiction. The Eleventh Amendment provides absolute immunity to a state agency from claims for damages. *See Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to 11th Amendment immunity). Plaintiff sues NSH for both damages and injunctive relief. As NSH is run by DSH and not a separate legal entity that can be sued, the Court construes DSH as the proper defendant to the claims Plaintiff brings against NSH. DSH in an agency of the State of California. Cal. Welf. & Inst. Code § 4011(a). The Court previously the damages claim under the Eleventh Amendment. DSH has shown that the Eleventh Amendment also confers it with immunity against the injunctive relief claims.

There are three exceptions to Eleventh Amendment, also called "sovereign," immunity. *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001), *amended by Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 910 (9th Cir. 2002). "First, a state may waive its Eleventh Amendment defense." *Id*. "Second, Congress may abrogate the States' sovereign immunity by acting pursuant to a grant of constitutional authority." *Id*. "Third, under the Ex parte Young doctrine, the Eleventh Amendment does not bar a 'suit against a state official when that suit seeks

---

2023, which made the opposition due on April 3, 2023. The reply, filed on March 27, 2023, was filed prematurely because it was filed seven days before the opposition was due.

. . . prospective injunctive relief.'" *Id.* at 817–18 (*quoting Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996)). DSH has not waived immunity under the Eleventh Amendment insofar as DSH asserted the defense in its answer. There is no authority or indication that Congress abrogated Eleventh Amendment immunity for suits under Section 1983, such as this case. Finally, the *Ex Parte Young* exception only applies to claims against state officials, not against state agencies, such as DSH. *Douglas v. Cal. Dept. of Youth Authority*, 271 F.3d 812, 821 n.6 (9th Cir. 2001); *In re Lazar*, 237 F.3d 967, 976 n.9 (9th Cir. 2001). Consequently, Plaintiff's injunctive relief claims, as well as his damages claims, against DSH are barred by the Eleventh Amendment and must be dismissed for lack of subject-matter jurisdiction.

Plaintiff's filing at docket number 26 is construed as an opposition. He does not address the Eleventh Amendment immunity nor set forth any basis for not applying such immunity here.

**B.   Unserved Defendant**

As noted, the Marshal was unable to serve Chen at the address Plaintiff provided because Chen is no longer working there. Although Plaintiff is indigent and entitled, under the PLRA, to have the Marshal perform service without charge, the Marshal cannot do so unless Plaintiff provides the Court with Chen's correct addresses. Additionally, he must complete service within 120 days of filing the amended complaint. Fed. R. Civ. P. 4(m). More than 120 days have passed.

**On or before June 1, 2023, Plaintiff shall: (1) provide the Court with a current address for Defendant Dr. James H. Chen where he can be served, or (2) serve Defendant Dr. Chen himself. Failure to do so, or show cause why not, will result in dismissal of this case under Rule 4(m).**

**CONCLUSION**

For the foregoing reasons, the Defendant DSH's motion to dismiss is GRANTED, and the claims against them are DISMISSED. DSH's motion for summary judgment and motions for an extension of time are DENIED as unnecessary. DSH's motion to file documents under seal is GRANTED.

**Plaintiff is ordered to submit the correct address where Chen can be served, show cause why not, or serve Chen himself, and Plaintiff is cautioned that if he does not do so on**

**or before June 1, 2023, the claims against him will be dismissed without prejudice under Rule 4m of the Federal Rules of Procedure, and this case will end.**

The Clerk shall correct the entry for docket 29. It is a declaration, not a motion.

This Order disposes of docket numbers 23, 24, 27, 28, 29.

**IT IS SO ORDERED.**

Dated: April 21, 2023

_____
JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California

4