UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS PRICE,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES H. CHEN, et al.,<br><br>    Defendants. | Case No. 22-cv-03243-JSW<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND SCHEDULING SUMMARY JUDGMENT BRIEFING**<br><br>Re: Dkt. No. 31 |

Plaintiff's motion for appointment of counsel is DENIED as he has been able to effectively represent himself in this action, and the issues are not especially complex.

In order to expedite the resolution of this case:

No later than **91 days** from the date this order is filed, the remaining Defendant, James Chen, shall file a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendant no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

Defendant **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

Along with his motion, defendant shall file proof that he served plaintiff the *Rand* warning at the same time he served him with his motion. Failure to do so will result in the summary dismissal of his motion.

All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or their counsel.

Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery. Plaintiff is reminded that state prisoners inmates may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 18, 2024

JEFFREY S. WHITE
United States District Judge