United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCUS PRICE,

        Plaintiff,

    v.

JAMES H. CHEN, et al.,

        Defendants.

Case No. 22-cv-03243-JSW

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 40, 45

**INTRODUCTION**

Plaintiff, a detainee at Napa State Hospital ("NSH"), filed this civil rights case under 42 U.S.C. § 1983. The Court found that Plaintiff's amended complaint (ECF No. 10), when liberally construed, stated cognizable claims for relief against NSH and Dr. James H. Chen, a doctor who worked there. The California Department of State Hospitals ("DSH"), which runs NSH, filed a motion to dismiss, and the claims against NSH/DSH were dismissed for failure to state a cognizable claim for relief. Chen has filed a motion for summary judgment, Plaintiff filed an opposition, and Chen replied. The reply brief was filed before the opposition. The Court accepts and has considered the opposition. For the reasons discussed below, the motion for summary judgment is GRANTED.

**BACKGROUND**

Petitioner was involuntarily committed to NSH in 2019 being found not guilty by reason of insanity. DSH psychiatrists have treated him with Clozapine, an antipsychotic medication. Pursuant to recommendations by psychiatrists, in 2021, DSH officials petitioned for an involuntary medication order under California Code of Regulations, title 9, section 4210. The order was issued by the California Superior Court in January 2021, and it expired one year later. Plaintiff has not been subject to involuntary medication since January 2022.

United States District Court
Northern District of California

Plaintiff claims, "Dr. Chen knowingly forced me on medication and wanted to take my rights to refuse medication." (ECF No. 10 at 7.) He alleges he experienced "a long list of side affects (sic) that include extreme sweating, extreme constipation, dizziness, drooling and previously could not walk." (*Id.*) Plaintiff also alleges that because of the "meds" he fell in May and June 2022, and that he was hospitalized in June 2022 "because of the medication that doctor Chen forced on me." (*Id.*) He claims that "all this could have been avoid[ed] by a fair and impartial treatment" and a "reasonable and upheld IMO[1] hearing." (*Id.*)

Defendant Chen has presented uncontradicted evidence showing he was a Staff Physician at DSH from May 2006 through March 2021, when he resigned. Chen is not a psychiatrist, did not serve on the panels that evaluated Plaintiff's need for medication, nor was he involved in the petition or order for to involuntarily medicate Plaintiff. Chen's treatment of Plaintiff was limited to prescribing him Vitamin B and allergy medication (with brand names Flonase and Claritin

## DISCUSSION

### I.    Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material

---

[1] "IMO" presumably refers to an involuntary medication order.

fact, the moving party wins. *Id.* "[S]self-serving affidavits are cognizable to establish a genuine issue of material fact so long as they state facts based on personal knowledge and are not too conclusory." *Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001).

At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *Tolan v. Cotton*, 570 U.S. 650, 656-57 (2014).   A court may not disregard direct evidence on the ground that no reasonable jury would believe it. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999) (where nonmoving party's direct evidence raises genuine issues of fact but is called into question by other unsworn testimony, district court may not grant summary judgment to moving party on ground that direct evidence is unbelievable).

## II.    Analysis

Plaintiff's complaint can, at best, be construed to claim that Chen violated his constitutional rights by forcing him to take medication that caused adverse side effects, including falling down.

Because Plaintiff claims injury while involuntarily committed to a state hospital, his claims arise under the Fourteenth Amendment.[2]  "Involuntarily committed patients in state mental health hospitals have a Fourteenth Amendment due process right to be provided safe conditions by the hospital administrators." *Ammons v. Wash. Dep't of Soc. & Health Servs.*, 648 F.3d 1020, 1027 (9th Cir. 2011).  When evaluating claims presented by involuntarily confined individuals, courts ask "whether [a hospital] administrator's conduct diverges from that of a reasonable professional." *Id.*  A decision, "if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982). This "standard is equivalent to that required in ordinary tort cases for a finding of conscious indifference

_____

[2] In the order of service, the Court incorrectly stated his claims arise under the Eighth Amendment.

United States District Court
Northern District of California

amounting to gross negligence." *Est. of Conners v. O'Connor*, 846 F.2d 1205, 1208 (9th Cir. 1988).

The uncontradicted evidence shows Chen was not involved in the decision to forcibly medicate Plaintiff at NSH, nor that he could have been involved as he was not a psychiatrist. The uncontradicted evidence further shows Chen had resigned from NHS fifteen months before the falls Plaintiff attributes to such medication. And there is no allegation evidence that Chen's prescribing Plaintiff the commonplace allergy medications and Vitamin B was medically unreasonable or caused Plaintiff any harm.[3]  Consequently, there are no triable factual questions as to whether Chen caused Plaintiff to be involuntary medicated or caused any of the harms Plaintiff attributes to such medication. There are furthermore no triable issues as to whether treated Plaintiff unreasonably, let alone with gross negligence towards Plaintiff's safety so as to violate Plaintiff's constitutional rights. Accordingly, Chen is entitled to summary judgment on Plaintiff's claims under Section 1983.

### CONCLUSION

Defendants' summary judgment motion is GRANTED. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July 30, 2024

_____
JEFFREY S. WHITE
United States District Judge

---

[3] Indeed, Plaintiff does not mention these medications in his amended complaint.

4

United States District Court
Northern District of California